Justice Kennedy,
with whom Justice Thomas joins, concurring.
Due consideration of the phrasing in the question presented and of the arguments and concessions by counsel leads to the conclusion that this case should be vacated and remanded, and I join the Court's opinion. The apparent difficulty the Court of Appeals for the Third Circuit found in accepting the Supreme Court of Pennsylvania’s procedural bar conclusion, however, invites this further comment.
The adequate state ground doctrine cannot be applied without consideration of the purposes it is designed to serve. By refraining from deciding cases that rest on an adequate and independent state ground, federal courts show proper respect for state courts and avoid rendering advisory opinions. Michigan v. Long, 463 U. S. 1032, 1040 (1983). The claimed adequate and independent state ground at issue in this case is a state procedural rule. We have not allowed state courts to bar review of federal claims by invoking new procedural rules without adequate notice to litigants who, in *64 asserting their federal rights, have in good faith complied with existing state procedural law. “Novelty in procedural requirements cannot be permitted to thwart review in this Court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights.” NAACP v. Alabama ex rel. Patterson, 357 U. S. 449, 457-458 (1958). We have also been mindful of the danger that novel state procedural requirements will be imposed for the purpose of evading compliance with a federal standard. See, e. g., NAACP v. Alabama ex rel. Flowers, 377 U. S. 288, 293-302 (1964).
Neither of these concerns applies here. First, no one could seriously entertain the notion that handler acted in “justified reliance” when he fled beyond the jurisdiction of the Pennsylvania courts. Even if a hypothetical escapee studiously examined the case law before making an informed decision that flight was worth it, that is not the reliance the law should be required to consider. There is no justification for an unlawful escape, which “operates as an affront to the dignity of [a] court’s proceedings.” Ortega-Rodriguez v. United States, 507 U. S. 234, 246 (1993). And if some prior court rulings allowed a former escapee to reinstate forfeited claims, there is no convincing reason to say a future escapee is entitled to similar treatment. Nor is there any indication that the Supreme Court of Pennsylvania adopted its forfeiture rule out of any hostility toward legitimate constitutional claims.
It is most doubtful that, in light of its underlying purposes, the adequate state ground doctrine ought to prevent a State from adopting, and enforcing, a sensible rule that the escaped felon forfeits any pending postverdict motions. The law is entitled to protect the regularity and predictability of its own processes, and its own interest in the prompt adjudication of disputed issues, by imposing a rule of waiver quite without regard to some notion of express or constructive reliance by the one who escapes. And if that principle had *65 not been fully explicated in prior decisions, it seems to me that the State can establish a new baseline without later having its procedural bar ignored by the federal courts. This should be true even if the principles barring the postverdict motions are first elaborated in the instant case.
The process of elaborating, defining, and then shaping a State’s decisional law after considering the competing arguments in a specific case rests on this premise: Novel facts and circumstances may disclose principles that, while consistent with the logic and rationality the law seeks and in that sense predictable, still have not yet been defined with precision in earlier cases. This is the dynamic of the case system we rely upon to explain the law.
The adequate state ground doctrine ought not to foreclose the case process in the separate States. A too-rigorous or demanding insistence that procedural requirements be established in all of their detail before they can be given effect in federal court would deprive the States of the case law decisional dynamic that the Judiciary of the United States finds necessary and appropriate for the elaboration of its own procedural rules. See, e. g., Smith v. United States, 94 U. S. 97 (1876). Save where there is exclusive jurisdiction or federal supremacy, a proper constitutional balance ought not give federal courts latitude in the interpretation and elaboration of its law that it then withholds from the States. There is no sense in applying the adequate state ground rule without its being informed by these principles.
Whether the structure of this case either permits or requires consideration of these matters is not clear at this stage. In a proper case, however, these concerns should be addressed. It seems most doubtful that this Court can or should require federal courts to disregard a state procedural ground that was not in all respects explicit before the case when it was first announced, absent a showing of a purpose or pattern to evade constitutional guarantees. And this is particularly so when the state procedural requirement arose *66 from the necessity, in new circumstances, to prevent a travesty of the State’s own respected system. In this context, the objecting party ought not to have the power to block federal courts from honoring state-law determinations that were otherwise valid, enforceable, and consistent with constitutional guarantees.